UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sandor Slijderink,<br><br>                    Plaintiff,<br><br>-against-<br><br><br><br>Kafene, Inc.,<br><br>                    Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sandor Slijderink (hereinafter, "Plaintiff"), by and through his attorney, brings this Complaint (the "Complaint") against defendant Kafene, Inc. ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1.      Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations, specifically 47 C.F.R. § 64.1200(d), thereby invading Plaintiff's privacy. Plaintiff further alleges that Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*

## PARTIES

2.      Plaintiff Sandor Slijderink is currently a citizen of Indiana.

3.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1693a(6).

4.      Upon information and belief, Defendant is, and at all times mentioned herein was,

a corporation of the State of Delaware, which maintains its principal place of business in New York, New York. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New York and in the County of New York, and within this judicial district.

5. Plaintiff and Defendant are both "persons" as defined in 47 U.S.C. § 153(10).

6. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under federal statutes, the TCPA and EFTA.

8. The Court has personal jurisdiction over Defendant because: (i) its principal place of business is located in New York, New York; (ii) it conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTUAL ALLEGATIONS

10. On or about May 7, 2022, Plaintiff entered into a Rental Purchase Agreement (the "Agreement") with Defendant for a Ballinasloe Smoke Sectional Sofa.

11. Section 12 of the Agreement, appearing under the heading "Payments," establishes Plaintiff's authorization for automatic payments.

12. Plaintiff completed Section 12 of the Agreement by providing his checking account information to allow for timely automatic payments.

13. During or about September of 2022, Plaintiff noticed that Defendant had initiated more than one electronic transfer from his bank account without explanation.

14. During or about October of 2022, Plaintiff's mother-in-law offered to pay for one monthly payment as a gift to Plaintiff and his wife. Plaintiff clearly expressed to Defendant that this payment method was only authorized for one (1) payment.

15. Despite Plaintiff's clear instructions, Defendant charged Plaintiff's mother-in-law a second time in October, and continued to initiate transfers from her account in ensuing months.

16. Defendant also continued to initiate funds transfers from Plaintiff's account, essentially double-charging Plaintiff each month.

17. Defendant's unauthorized funds transfers forced Plaintiff's mother-in-law to close the account she had used for the payment to Defendant, as doing so was her only means of preventing future unauthorized funds transfers.

18. Plaintiff also contacted his bank in an attempt to block future unauthorized funds transfers.

19. Despite Plaintiff's attempts, Defendant continued to initiate funds transfers in various amounts not authorized in writing by Plaintiff.

20. For instance, on or about January 17, 2023, Defendant initiated a funds transfer from Plaintiff's checking account in the amount of $264.78.

21. Two days later, on January 19, 2023, Defendant initiated a second funds transfer in a wholly unauthorized amount of approximately $53.00. To accomplish this transfer, Defendant avoided the bank's attempt to block the transfer by slightly changing its payee name.

22. Defendant frequently called Plaintiff's cellular telephone when payments were due, even if Plaintiff had made a payment already.

23. Defendant's calls began with an artificial voice and/or prerecorded message stating that Plaintiff was being connected to an agent. After a brief pause, a live agent would begin speaking.

24. This brief pause prior to being connected with a live agent is indicative of an automatic telephone dialing system.

25. During or about November of 2022, Defendant called Plaintiff to inform him that a payment was due. Plaintiff had already made the payment and informed the agent accordingly. Plaintiff further requested that Defendant cease contacting him on his cellular telephone for any reason.

26. At that point, Plaintiff had revoked any prior express consent that may have previously existed.

27. Despite Plaintiff's request, Defendant continued to place calls to his cellular telephone.

28. On information and belief, Defendant failed to place Plaintiff on the do-not-call list, despite his requests to no longer be called by Defendant. Instead, Defendant continued to place calls to Plaintiff's cellular telephone, in violation of 47 C.F.R. § 64.1200(d)(3).

29. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in

violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(d).

## COUNT I
## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.

30. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*., including implementing regulation 47 C.F.R. § 64.1200(d).

32. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

33. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.

34. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*., including implementing regulation 47 C.F.R. § 65.1200(d).

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

37. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## VIOLATIONS OF
## THE ELECTRONIC FUNDS TRANSFER ACT 15 U.S.C. § 1693 *ET SEQ*.

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The EFTA, 15 U.S.C. § 1693e(a), provides "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

40. The EFTA, 15 U.S.C. § 1693e(b), provides "[i]n the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer […] of the amount to be transferred and the scheduled date of the transfer."

41. As detailed herein, Defendant initiated multiple "preauthorized electronic fund transfers" from Plaintiff's checking account without Plaintiff's written authorization and failed on multiple occasions to provide reasonable advance notice to Plaintiff of the amount to be transferred and the scheduled date of the transfer.

42. As a result of Defendant's violations of the EFTA, Plaintiff has lost significant amounts of his time and money attempting to prevent further unauthorized debit transfers.

43. Accordingly Plaintiff seeks recovery of all actual and statutory damages to which he is entitled, and further seeks recovery of all reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; and (vi) any other relief the Court may deem just and proper.

b. On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; and (vi) any other relief the Court may deem just and proper.

c. On the Third Count and as a result of Defendant's violations of 15 U.S.C. § 1693, *et seq.*, Plaintiff seeks: (i) any actual damages sustained as a result of Defendant's EFTA violations; (ii) $1,000.00 in statutory damages, for each and every violation, pursuant to 15 U.S.C. § 1693m(a)(2)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; and (vi) any other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
August 28, 2023

           **KAZEROUNI LAW GROUP, A.P.C.**

By: _/s/ Ross H. Schmierer_

Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

David B. Levin, Esq.
(*Pro Hac Vice* Application Forthcoming)
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
(T): 224-218-0882
dlevin@toddflaw.com

*Attorneys for Plaintiff*